W. R. SMITH *et al.*, Adm'r, *v.* F. A. ARNOLD, Adm'r.

ADMINISTRATOR. *Removal from State. Statute of limitation.* The third
section of the act of 1865, ch. 10 (Thompson & Steger's Code, sec.
2762 *b*), includes in its application administrators who remove from
the State before the expiration of the time limited for bringing action
against them, notwithstanding the action accrued against the intes-
tate in his lifetime.

FROM COCKE.

Appeal from the Chancery Court at Newport.   C.
H. SMITH, Ch.

G. W. PICKLE for complainants.

J. B. MEEK for defendant.

MCFARLAND, J., delivered the opinion of the court.

This bill was filed to recover of F. A. Arnold,
administrator of the estate of the late Gen. T. D.
Arnold, a sum of money paid to said intestate by
mistake.     Administration was granted on the 6th of
July, 1870.     The bill was filed the 25th of August,
1874.     The defendant pleaded the statute of limita-
tions of two years in favor of personal representatives.
The complainants replied that the defendant, after his
qualification as administrator, to-wit, on the 15th of
October, 1871, removed from the State, and from that
time has continued to reside out of the State.     The
question is as to the sufficiency of the replication.

This depends upon a construction of the third section of the act of 1865, ch. 10.

The first section of the act, in substance, provides that no statute of limitations shall be held to operate from the 6th of May, 1861, until the 1st of January, 1867, and that the period between those dates shall not be computed. See T. & S.'s Statutes, 2762*a*.

The second section of the act (sec. 2784*a*) expressly makes the same rule applicable to the statutes in favor of personal representatives. The third section is as follows: "If at any time any cause of action shall accrue against any person who shall be out of this State, the action may be commenced within the time limited therefor after such persons shall have come into the State, and after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the State, the time of his absence or residence out of the State shall not be taken as any part of the time limited for the commencement of the action." T. & S. Code, sec. 2762 *b*.

Does this section apply to the present case, and prevent the bar of the statute?

The first clause applies to cases where the person against whom the action accrued was out of the State at the time and came into the State afterwards, and therefore not to the present case. The last clause applies to cases where the person against whom the action accrues afterwards leaves the State. Does this apply to cases where the person against whom the action accrues dies, and after the appointment of an

administrator, the latter leaves the State? and does it prevent the bar of the statute in favor of the. administrator? The .intention of the Legislature must prevail. Literally, the latter clause has reference to a case where the person against whom the action accrues himself subsequently leaves the State. The action in this case accrued against Gen. Arnold. in his lifetime. Had he lived and removed from the State before the bar of the statute became complete, the application would be direct and plain. Shall it be extended by construction to the case of an administrator who leaves the State after he became subject to suit, but before the time limited for the commencement of actions against him expires? Had the action accrued for the first time against the administrator, as in case of a debt not falling due in the lifetime of the intestate, the case would come directly within the letter of the statute. This case, though not directly within the letter, comes within the spirit of the act, which is to give to the party entitled to the action the full time in which to sue, and not to count as part of the time the time during which there was no one within the jurisdiction of the State to be sued. The removal of an administrator from the State before the creditors have had. the full time allowed them in which to sue, would be as clear an exhibit of the evil intended to be remedied as the removal of the original debtor, and as clear a violation of the creditor's rights, for, in many instances, there might be no means of obtaining jurisdiction of a non-resident administrator by attachment.

It is argued that to allow this section to apply to administrators, and thereby extend the time for suits against them, would be necessarily to extend the time in which administrators are required to settle up estates. But this would not follow. An administrator in such a case, by his removal, might render himself liable to be sued after his return, notwithstanding the expiration of the time limited by the general statute, but he would not thereby exonerate himself from the duty of making his settlement at the time fixed by law. This section can only be taken as an amendment to the other statutes of limitation. We hold that it applies to the present case, and the Chancellor's decree will be affirmed.